UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD PINDER,

        Petitioner,        Case Number: 4:12-CV-15527
                              HONORABLE GERSHWIN A. DRAIN

v.

LINDA TRIBLEY,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO AMEND [#15], AND
DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [#19],
MOTION FOR DISCOVERY [#23], AND MOTION FOR SUMMARY JUDGMENT [#24]**

Petitioner Edward Pinder filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. Petitioner, who is presently incarcerated at the Ojibway Correctional Facility in Marensico, Michigan, challenges his convictions for assault with intent to do great bodily harm less than murder, felon in possession of a firearm, felonious assault, intentional discharge of a firearm at a dwelling or occupied structure, and possession of a firearm during the commission of a felony. Now before the Court are Petitioner's Motion for Leave to Amend [#15], Motion for Appointment of Counsel [#19], Motion for Discovery [#23], and Motion for Summary Judgment [#24].

Petitioner seeks to amend his petition to delete a claim that counsel was ineffective in failing to locate an exculpatory witness. FED. R. APP. P. 15(a)(2) allows a party to amend a pleading by leave of court and provides that the court "should freely give leave when justice so requires." Petitioner's request to amend his petition does not appear to be made in bad faith or to be an attempt to delay the proceedings. The Court will grant the motion.

Petitioner seeks the appointment of counsel. Petitioner has no absolute right to be represented

by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (citing *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice do not require appointment of counsel.

Next, Petitioner filed a Motion for Discovery. He seeks discovery of 911 transcripts, police statements, and police reports. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases provides that a habeas court may authorize a party to conduct discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, Rule 6(a). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (quoting *Bracy*, 520 U.S. at 908-09). "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Id.* (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)). If a petitioner had the opportunity to develop the facts in the state courts but failed to do so, discovery may be barred by 28 U.S.C. § 2254(e)(2)(A)(ii). Here, Petitioner fails to make any showing that the discovery he requests was unavailable to him in state court nor does he make a showing that discovery is necessary for a fair

adjudication of the petition. Therefore, the discovery requests will be denied.

Finally, Petitioner has filed a Motion for Summary Judgment. He seeks summary judgment on his sentencing-related claim. A motion for summary judgment under FED. R. CIV. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotes omitted).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). A factual dispute which "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the

absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Univ., Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

In this case, Petitioner has failed to satisfy the burden of identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home*, 276 F.3d at 848. Respondent's answer challenges the claims raised in the petition and shows sufficient disagreement based upon case law and sound legal reasoning that summary judgment is not appropriate. Thus, the Court will deny this motion.

Accordingly, the Court GRANTS Petitioner's Motion for Leave to Amend [#15]. The Court DENIES Petitioner's Motion for Appointment of Counsel [#19], Motion for Discovery [#23], and Motion for Summary Judgment [#24].

SO ORDERED.

/S/Gershwin A Drain

GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

DATED: August 22, 2014