UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD PINDER,

        Petitioner,                  Case Number: 12-CV-15527

v.                                         HONORABLE GERSHWIN A. DRAIN
                                                UNITED STATES DISTRICT JUDGE
LINDA TRIBLEY,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Edward Pinder filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pinder is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, felonious assault, Mich. Comp. Laws § 750.82, intentional discharge of a firearm at a dwelling or occupied structure, Mich. Comp. Laws § 750.234b, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. He argues that his convictions were obtained in violation of his constitutional rights because: his guidelines were incorrectly scored, the prosecution withheld exculpatory evidence and knowingly used perjured testimony, he received ineffective assistance of trial counsel, insufficient evidence was presented to sustain the convictions, and he received ineffective assistance of appellate counsel. Respondent argues that the claims are non-cognizable, procedurally defaulted, and meritless.

**I.      Background and Procedural History**

The Michigan Court of Appeals summarized the evidence adduced at trial leading to Petitioner's convictions as follows:

> All of defendant's convictions stem from a series of encounters he had with the complainants, Anthony and Gracie Gladney. The complainants first encountered defendant as they were exiting their vehicle outside Anthony's mother's home. Gracie testified that, as she exited the vehicle, she was almost struck by defendant as he rode by on a bike. Words were exchanged and defendant took a gun from a pocket and brandished it about. The complainants retreated into the house. The record suggests that, less than one hour later, defendant returned while the complainants, Anthony's mother, and her caregiver were sitting on the porch. The four occupants on the porch quickly retreated into the home, and defendant called out, "If I see you again tonight, you're done." According to Gracie's testimony, at this same time, she attempted to close the window blinds and saw defendant point a gun at the home. She recalled hearing five gunshots fired toward the home. Anthony's testimony differed only in that he recalled a period of time, less than one-half hour, separating the retreat from the porch and the gunshots.

*People v. Pinder*, No. 290225, 2010 WL 3489676, *1 (Mich. Ct. App. Sept. 7, 2010).

Petitioner was convicted following a bench trial in Wayne County Circuit Court of assault with intent to do great bodily harm less than murder, felon in possession of a firearm, felonious assault, intentional discharge of a firearm at a dwelling, and felony firearm. He was sentenced on November 26, 2008, to five to ten years' imprisonment for the assault conviction, two to five year's imprisonment for the felon-in-possession conviction, two to four years' imprisonment for the felonious-assault conviction, and two to four years' for the discharge of a firearm.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims: (i) insufficient evidence presented to support conviction for assault with intent to cause great bodily harm less than murder; (ii) insufficient evidence presented to support felonious assault conviction; and (iii) offense variable 1 incorrectly scored. The Michigan

Court of appeals affirmed Petitioner's convictions and sentences. *People v. v. Pinder*, No. 290225, 2010 WL 3489676, (Mich. Ct. App. Sept. 7, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Pinder*, 488 Mich. 996 (Mich. Dec. 20, 2010).

Petitioner returned to the trial court and filed a motion for relief from judgment. He raised these claims: (i) Michigan Court of Appeals denied Petitioner due process of law when it applied a technical bar to sentencing claim; (ii) ineffective assistance of trial counsel; and (iii) ineffective assistance of appellate counsel. The trial counsel denied leave to appeal. Petitioner sought leave to appeal the trial court's decision in the Michigan Court of Appeals and, after the court of appeals denied leave, *People v. Pinder*, No. 306098 (Mich. Ct. App. Oct. 22, 2012), in the Michigan Supreme Court, which also denied leave to appeal. *People v. Pinder*, 493 Mich. 868 (Mich. Oct. 22, 2012).

Petitioner then filed the pending habeas petition. He raises these claims:

I.  Michigan courts refuse to apply protection of federal and state law by not correcting a plain error involving Pinder's sentence score.

II. The prosecution withheld exculpatory evidence and knowingly used perjured testimony of victims.

III. Pinder was denied the effective assistance of counsel for the following reasons:

   a. Counsel failed to obtain the entire scope of discovery. This discovery evidence was exculpatory and should have been available at preliminary examination.

   b. Counsel did not object to withheld evidence.

   c. Counsel did not properly object to Pinder's sentence score for OV1.

> IV. There was insufficient evidence to support Pinder's conviction of assault with intent to cause great bodily harm and of felonious assault.
>
> V. Pinder was denied the effective assistance of appellate counsel by his counsel not meeting with him during his appeal and by not giving him a copy of his appellate brief for review before filing. This was constructive denial of counsel on direct appeal.

**II.  Standard**

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent

'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*,

340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.   Discussion

#### A.   Scoring of Offense Variable

In his first claim, Petitioner argues that the trial court erred in its scoring of offense variable one.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Coleman v. Curtin*, 425 F. App'x 483, 484-85 (6th Cir. 2011). Habeas corpus relief is not available for this claim.

#### B.   Prosecutorial Misconduct Claim

Petitioner next argues that the prosecutor violated *Brady v. Maryland,* 373 U.S. 83 (1963). Specifically, he claims that the prosecution failed to produce 911 tapes, and transcripts. He argues that the 911 calls never occurred and that witnesses who testified about calling 911 therefore committed perjury. He further argues that the prosecution failed to produce photographs of the crime scene until the day trial commenced.

Respondent argues that this claim is procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

To demonstrate a *Brady* violation, (1) "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) "that evidence must have been suppressed by the State, either willfully or inadvertently;" and (3) "prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "There is no *Brady* violation where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information, or where the evidence is available . . . from another source, because in such cases there is really nothing for the government to disclose." *Coe v. Bell*, 161 F.3d 320, 344 (6th Cir. 1998) (internal quotation marks omitted). A defendant does not have to show that "disclosure of the evidence would have ultimately led to an acquittal;" he must, instead "establish that in the absence of the

7

evidence he did not receive a fair trial, 'understood as a trial resulting in a verdict worth of confidence.'" *Gumm v. Mitchell*, 775 F.3d 345, 363 (6th Cir. 2014), quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

Petitioner has failed to establish that the prosecutor ever had possession of 911 tapes or transcripts, nor has he shown that these tapes were exculpatory. His claim that the 911 tapes would have shown that the victims' testimony was perjured is based only on "speculation and conjecture – simply not enough to demonstrate a *Brady* violation." *United States v. Guzman*, 571 F. App'x 356, 365 (6th Cir. 2014) (quotation omitted). There is no basis for concluding that the 911 tapes were exculpatory. As such, Petitioner has failed to satisfy his burden to show that the State withheld material, exculpatory evidence in violation of *Brady*.

With respect to the alleged late disclosure of photographic evidence, Petitioner fails to show a *Brady* violation. "*Brady* generally does not apply to delayed disclosure of exculpatory information, but only to a complete failure to disclose. *United States v. Ross*, 703 F.3d 856, 881 (6th Cir. 2012) (internal quotation omitted). If previously undisclosed evidence is disclosed during trial, no *Brady* violation occurs unless the defendant can demonstrate prejudice. *Id.* at 881-82. Petitioner fails to allege or show how the late disclosure of these photographs prejudiced the defense. He argues that prosecution witnesses fabricated what the pictures contained, but fails to show how the late disclosure of the photographs was in any way the cause of this testimony. Petitioner has not explained what he would have done if he had been given more time to review the photographs or how earlier disclosure of the photographs would have led to a different result. His speculation is inadequate to establish prejudice in the *Brady* context. *O'Neal*

*v. Burt*, 582 F. App'x 566, 575 (6th Cir. 2014).

### C. Ineffective Assistance of Trial Counsel

Petitioner argues that habeas relief is warranted because his trial counsel was constitutionally ineffective. Specifically, he claims that counsel was ineffective in failing to object to the delayed disclosure of crime scene photos, failing to request a mistrial when the victims allegedly perjured themselves, failing to subpoena 911 records which Petitioner argues could have been used to impeach the victims, and failing to object at sentencing to the scoring of offense variable 1.

To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009).

"The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

The trial court denied the Petitioner's ineffective assistance of counsel claims in its order denying the motion for relief from judgment. It is the last state court to issue a reasoned opinion denying these claims. The trial court held, first, with respect to the delayed production of the crime-scene photographs, that counsel's failure to object was a matter of trial strategy. The trial court reasoned that counsel believed the photographs would contradict the witnesses' testimony and, therefore, declined to object on that basis. 6/14/11 Opinion & Order at 4. The trial court's reasoning is supported by the trial transcript, which shows that counsel used the photographs to cross-examine prosecution witnesses about inconsistencies between their testimony and the photographs. The state court's conclusion is not contrary to or an unreasonable application of Supreme Court precedent.

Next, Petitioner claims that his attorney was ineffective in failing to request a mistrial when the victims perjured themselves. The trial court rejected this claim on the basis that counsel was not required to raise an objection to inconsistent testimony. 6/14/11 Opinion and Order at 5. Petitioner has not shown that the witnesses' testimony was false. The question of witness credibility is left to the trier of fact. *Macon v. Davis*, 450 F. App'x 491, 493 (6th Cir. 2011). Mere inconsistences in a witness's testimony do not establish that the testimony was perjured. *Id.* Counsel effectively cross-examined witnesses to highlight relevant inconsistencies. Effective advocacy required no more. Counsel was not ineffective in failing to object to the witnesses' testimony.

Petitioner argues that his trial counsel was ineffective for failing to subpoena 911 records which Petitioner argues could have been used to impeach the victims' testimony because, he claims, they did not call 911 as many times as they claimed they had called. The trial court held that whether the victims called 911 once or multiple times would not have impacted the verdict because he believed their testimony regarding Petitioner's actions on that day. 6/14/11 Opinion and Order at 6. Petitioner demonstrates only a mere suspicion that the 911 calls would have impeached the victims' testimony. This suspicion is insufficient to show that counsel's representation was inadequate. In addition, Petitioner cannot show prejudice because the trier of fact held that, even if the 911 calls contradicted the victims' testimony concerning the number of 911 calls, the verdict would not have changed. Therefore, habeas relief is denied on this claim.

Finally, Petitioner argues that his attorney was ineffective in failing to object to the scoring of offense variable 1. The Michigan Court of Appeals held that offense variable 1 was correctly scored. *Pinder,* 2010 WL 3489676 at *3. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975). Given that the Michigan Court of Appeals held that offense variable 1 was correctly scored under Michigan law, Petitioner's attorney was not ineffective in failing to raise a futile objection. *Coley v. Bagley,* 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."). Habeas relief is denied.

    **D.**    **Sufficiency of the Evidence**

Petitioner next argues for habeas relief on the ground that his convictions for assault with intent to cause great bodily harm and felonious assault were not supported by sufficient evidence.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, citing *Jackson,* 443 U.S. at 319 (emphasis supplied in *Brown*). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

Under Michigan law, "[t]he elements of assault with intent to do great bodily harm less than murder are: '(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder.'" *People v. Brown*, 267 Mich. App. 141, 147 (2005) (footnote and emphasis omitted), *quoting*

*People v. Parcha*, 227 Mich. App. 236, 239 (1997).  The elements of felonious assault are: (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery.  Mich. Comp. Laws § 750.82; *People v. Avant*, 235 Mich. App. 499, 505 (Mich. Ct. App. 1999)

Viewing the evidence in the light most favorable to the prosecution, the Michigan Court of Appeals held that sufficient evidence was presented to satisfy each of the elements of these crimes beyond a reasonable doubt.  The Michigan Court of Appeals relied on the following facts in reaching this conclusion: Gracie's testimony that Petitioner pulled a gun from his pocket and Gracie feared he would shoot her and her husband; Gracie's testimony that Petitioner pointed the gun at her; and that, after Gracie and Anthony retreated into the home, Petitioner fired gunshots at the home.  The state court concluded that "there was sufficient evidence for the trial court to conclude beyond a reasonable doubt" that Petitioner was guilty of these crimes.  *Pinder,* 2010 WL 3489676 at *2.

Although it did not cite the *Jackson* standard, the Michigan Court of Appeals clearly applied this standard.  This Court cannot say that the state court's conclusion that the evidence presented was sufficient was contrary to or constituted an unreasonable application of federal law.  Habeas relief is denied on this claim.

### E.     Ineffective Assistance of Appellate Counsel Claim

Finally, Petitioner argues that appellate counsel's failure to meet with him and failure to allow him to review the appellate brief before submission resulted in the actual denial of counsel.

The Sixth Amendment guarantees a defendant the right to effective assistance of

13

counsel in a first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Douglas v. California*, 372 U.S. 353, 356-57 (1963). The Supreme Court has held that counsel's failure to perfect a direct appeal that a defendant wishes to pursue is deficient performance. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (counsel's failure to follow a defendant's instructions to file a notice of appeal "cannot be considered a strategic decision"). In *Flores-Ortega*, the Supreme Court held that where counsel's deficient performance renders the desired direct appeal "entirely nonexistent," prejudice is presumed. *Id.* at 484. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*

The trial court denied Petitioner's claim, reasoning that counsel filed a "timely appeal which raised valid, legally sound issues." 6/14/11 Opinion & Order at 7. Petitioner clearly was not denied his right of appeal. Consequently, the *Strickland* standard applies to Petitioner's claims of ineffective assistance of appellate counsel.

Petitioner contends that counsel failed to raise meritorious claims on direct appeal. An appellant has no constitutional right to have every non-frivolous issue raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986), quoting *Jones v. Barnes*, 463 U.S. at 751-52 (1983). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688.

Petitioner cannot show prejudice resulting from counsel's alleged failure to raise meritorious issues on direct appeal. This Court finds that Petitioner's claims for habeas relief are without merit. Where a claim lacks merit, appellate counsel is not ineffective in declining to raise the issue on direct appeal. See *Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013) ("[A] petitioner cannot show that appellate counsel was ineffective for failing to raise a claim on appeal if the underlying claim itself lacks merit."). Accordingly, Petitioner is not entitled to habeas relief resulting from the performance of appellate counsel.

## IV.    Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

**V.     Conclusion**

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

 S/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

DATE: June 25, 2015

Certificate of Service

I certify that a copy of this order was filed electronically via the CM/ECF system, and sent to unrepresented parties via postal mail.

S/A. Chubb
DEPUTY CLERK